IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:09CV64-RLV-DSC

| | |
|---|---|
| JUDITH F. SPRINKLE,<br>   Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>   Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" and "Memorandum in Support ..." (both document #8), filed September 29, 2009; and Defendant's "Motion for Summary Judgment" (document #9) and "Memorandum in Support of the Commissioner's Decision" (document #10), both filed October 14, 2009. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**I. PROCEDURAL HISTORY**

On September 27, 2004, Plaintiff filed an application for a period of disability and Social Security disability benefits ("DIB"), alleging she was unable to work as of January 4, 2002 as the

result of fibromyalgia and osteoarthritis (Tr. 68).[1]  Plaintiff's claim was denied initially and upon reconsideration.

Plaintiff filed a timely Request for Hearing, and on September 19, 2007 a hearing was held before an Administrative Law Judge ("ALJ").  In a decision dated January 10, 2008, the ALJ denied Plaintiff's claim, finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date; that Plaintiff suffered from fibromyalgia and generalized osteoarthritis which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; that through her date last insured, Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform light work[3]; that Plaintiff could perform her past relevant work as an ultrasound technician; and that, accordingly, she was not disabled.

By notice dated April 1, 2009, the Appeals Council denied Plaintiff's request for further administrative review.

---

[1] In order to qualify for Social Security Disability benefits, an individual must become disabled during the period under which she is insured by the program.  20 C.F.R. § 404.131 (2009).  In the present case, Plaintiff had to establish disability on or before December 31, 2006.  (Tr. 16).

[2] The Social Security Regulations define "residual functional capacity" as "what [a claimant] can still do despite his limitations."  20 C.F.R. § 404.1545(a).  The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3] "Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Plaintiff filed the present action on May 28, 2009. On appeal, Plaintiff assigns error to the ALJ's determination concerning the credibility of her subjective complaints of pain and the Appeals Council decision not to consider evidence that arose after her date last insured and that had not been presented to the ALJ. See Plaintiff's "Memorandum in Support ..." at (document #8) "Brief" at 4 and 7 (document #8). The parties' cross-motions for summary judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[4] Relevant to Plaintiff's first assignment of error, the ALJ properly applied the standard for determining a claimant's Residual Functioning Capacity based on subjective complaints of pain and, in this case, the record contains substantial evidence to support the ALJ's conclusion that Plaintiff's testimony was not fully credible. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ initially discussed Plaintiff's hearing testimony. The ALJ noted that Plaintiff testified that she stopped working because she did not have the stamina to perform full-time work. She testified that she was exhausted from the walking and lifting that she had to do for her job, had carpal tunnel syndrome in both wrists, problems with her arms and neck muscles aching, and pain in her neck, shoulders, low back and leg. (Tr. 22). The ALJ then noted that prior to receiving retirement benefits, Plaintiff could only afford over-the-counter medication. Currently, she could afford her prescription medication and treatment, which she testified helped her pain but not the soreness and stiffness in her muscles. Id. The ALJ also noted that Plaintiff testified that she had low energy and side effects from her medication, specifically from Neurontin, which made her stagger, stumble and bump into things. Id. The ALJ added that Plaintiff stated that she was only sleeping four or five hours a night even though she was receiving some benefit from Ambien. Id.

The ALJ then discussed Plaintiff's activities of daily living. The ALJ noted that Plaintiff

5

reported that she could not drive long distances, but she was able to drive to the grocery store, pharmacy, and doctor's office. Id.  The ALJ next noted that while Plaintiff testified that she did not vacuum or make beds, she was able to cook at least one meal six days a week and three meals on Sunday. Id.  The ALJ also noted that Plaintiff stated that she had to stop and rest while cooking, and before she took a shower. Id.  The ALJ further noted that Plaintiff testified that she could sit and/or stand for thirty minutes at a time, but after that she needed to get up and move around. (Tr. 22-23). The ALJ added that Plaintiff stated that pain and fatigue were her biggest problems, and her pain affected her concentration. (Tr. 23).

The record contains evidence of Plaintiff's fibromyalgia and generalized osteoarthritis – which could be expected to produce some of the pain claimed by Plaintiff – and thus the ALJ properly found that Plaintiff could satisfy the first prong of the test articulated in Craig.  However, the ALJ also correctly evaluated the "intensity and persistence of [her] pain, and the extent to which it affects [her] ability to work," and found Plaintiff's subjective description of her limitations not credible.

"The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (citing Hunter v. Sullivan, 993 F.2d 31 (4th Cir. 1992) (claimant's failure to fill prescription for painkiller, which itself was indicated for only mild pain, and failure to follow medical and physical therapy regimen, supported ALJ's inference that claimant's pain was not as severe as he asserted)). In support of this finding, the ALJ noted that the clinical reports from Plaintiff's treating physicians did not reflect the degree of pain and limitation that she alleged; and that the most recent clinical records demonstrated that Plaintiff denied complaints of fatigue and decreased energy. (Tr. 23).  Specifically, the ALJ

6

noted that on May 22, 2007 – nearly five months after her date last insured – Plaintiff stated that she had very little impairment in her activities of daily living, and on June 28, 2007, her physician observed that she had full painless range of motion in her head, neck and extremities, and no abnormalities in her mood, affect, attention or concentration. Id.

The ALJ also noted that Plaintiff testified at the hearing that she was frustrated with her job because she was dissatisfied with her hours, her commute was forty-five minutes each way, and she was paid on a part-time basis with a long break in the middle of the day. Id. The ALJ further noted that neither Dr. Winfield nor Dr. Guarino, Plaintiff's treating physicians, determined that she was disabled, or that she had functional restrictions that would preclude light exertional work. Id. The ALJ concluded that the evidence did not establish that Plaintiff was unable to sustain a full-time, forty-hour workweek at the light exertional level, as defined by the regulations and the Dictionary of Occupational Titles. Id.

Plaintiff argues that the most important factor to be considered in evaluating her credibility was her ten-year work history. To the contrary, while Plaintiff's work history is a factor that can be considered in assessing the credibility of her subjective complaints, it is not determinative, especially where her allegations are not consistent with her treatment records, the conclusions of her doctors, or her own hearing testimony. SSR 96-7p.

In short, although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

In her second assignment of error, Plaintiff alleges that the Commissioner inconsistently

considered the evidence in her case. She contends that while the ALJ relied upon records from after her date last insured to find that she was not disabled, the Appeals Council rejected evidence from the same period, finding that the records were not relevant to the ALJ's decision. In raising this challenge, however, Plaintiff ignores the different standards that apply to the submission of evidence at the ALJ hearing level and the Appeals Council level. The regulations state that any party to a hearing has the right to appear and present evidence and that the ALJ will accept evidence at a hearing, even if that evidence would not be admissible in a court of law. 20 C.F.R. § 404.950(a) and (c). Conversely, the Appeals Council will only accept new and additional evidence that pertains to the period at issue in the case, and will return with an explanation any evidence that is deemed irrelevant. 20 C.F.R. § 404.976(b). Therefore, as the evidence submitted to the Appeals Council did not pertain to the period at issue in the case, that is, prior to December 31, 2006, the Appeals Council's decision not to consider the evidence submitted by Plaintiff was proper.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923, citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). This is precisely such a case, as it contains substantial evidence to support the ALJ's evaluation of Plaintiff's credibility and ultimate determination that Plaintiff was not disabled.

### IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #8) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #9) be **GRANTED**; and that the Commissioner's determination

be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: October 19, 2009

David S. Cayer
United States Magistrate Judge